THE COMMONWEALTH OF KY., FOR THE USE OF R. D. KEMPER, *v.* W. H. MOORE, JR., ETC.

### Action on Writing—Petition Must Set Forth Writing.

The petition on its face shall contain a statement of the facts constituting a cause of action and the writing, which is the foundation of the action, is required to be filed with the petition, but that does not obviate the necessity of setting forth in the petition so much of the writing as will show by reason of the alleged acts, or omission on the part of the defendant, that the plaintiff is entitled to relief.

### APPEAL FROM OWEN CIRCUIT COURT.

#### September 9, 1872.

OPINION BY JUDGE PETERS:

Tested by the law of pleading as ruled by this court the petition in this case is clearly defective in failing to state either in terms or in substance the writings or bond for a breach of which the action was brought.

It is not sufficient to state that at a particular election appellee was elected marshal of Owenton and on a named day executed a covenant, or bond, in the Owen County Court as required by law, which bond is referred to and filed as a part of the petition, and that afterwards an order for an attachment was placed in his hands in the suit of Davis against Schwartz and that he levied said attachment on the goods or property of appellant of a certain value and that by reason of said levy and the taking said goods they were wasted, destroyed and lost to appellant.

The rule as prescribed by the code of practice required that the petition on its face shall contain a statement of the facts

constituting a cause of action. And although in another section of the code the writing, which is the foundation of the action, is required to be filed with the petition. But that does not obviate the necessity of setting forth in the petition so much of the writing as will show by reason of the alleged acts or omissions on the part of the defendant that the plaintiff is entitled to relief.

Hill, for the use of *Wintersmith v. Barrett, etc.*, 14 B. M. .67; 6 Bush 533; *Murphy v. Estes.*

It results from the foregoing principles and authorities that the petition was insufficient and the demurrer was properly sustained and the judgment must be affirmed.

*Lillard, for appellant.*

*Drane, for appellees.*